**AFFIDAVIT OF SPECIAL AGENT WILLIAM NOONAN IN SUPPORT OF APPLICATIONS FOR SEARCH WARRANTS**

I, Special Agent William Noonan, state:

**Introduction**

1.     I am currently investigating Roosevelt FERNANDEZ in connection with several fraud schemes, including but not limited to (a) a scheme to file fraudulent tax returns in the names of various taxpayers in an effort to obtain fraudulent tax refunds to which he was not entitled (the "Tax Return Scheme"); and (b) a scheme to file fraudulent applications for Economic Injury Disaster Loan ("EID Loan") funds via the Small Business Administration ("SBA") (the "EID Loan Scheme").[1]

2.     Based on this investigation, I believe that FERNANDEZ has committed various federal criminal crimes in violation of, *inter alia*, 18 U.S.C. §§ 641 (theft of government funds), 1028A (aggravated identity theft), 1341 (mail fraud), 1343 (wire fraud), and 1344 (bank fraud), as well as 26 U.S.C. § 7206 (false returns) (collectively, the "Target Offenses").

3.     FERNANDEZ has been charged with one count of wire fraud and one count of aggravated identity theft in connection with the Tax Return Scheme.  An affidavit I signed on December 2, 2020 in Case 20-mj-4290-DHH is attached as Exhibit 1 and is hereby incorporated by reference herein.

---

[1] I am also aware of evidence that FERNANDEZ engaged in a scheme to make fraudulent claims on unclaimed property to which he in fact had no legal right (the "Unclaimed Property Scheme").  For example, on or about July 26, 2018, a claim was filed on the State of California's unclaimed property website for unclaimed property in the name of a person with initials AG.   Based on this claim, a check dated August 14, 2018 was issued to AG in the amount of $4,450.96.   On September 19, 2018, the check was deposited into a Santander account (number ending -4995), which is held in the name FERNANDEZ dba Fernandez International at 120 Bridge Street in Salem, MA.   AG has indicated that she did not make a claim on that unclaimed property, nor did she authorize anyone to make a claim on that property on her behalf.

4.      This affidavit is being submitted in support of applications for warrants to search electronic equipment, specifically two mobile phones seized from FERNANDEZ at Boston Logan International Airport on January 12, 2021 ("the FERNANDEZ Phones") that are in the possession of law enforcement investigators, as described in Attachment A.   There is probable cause to believe that the FERNANDEZ Phones contain evidence, fruits, and instrumentalities of the Target Offenses, as described in Attachment B.

5.      The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from government agencies and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested search warrants and does not set forth all of my knowledge about this matter.

**Probable Cause to Believe That FERNANDEZ Engaged in the Tax Return Scheme**

6.      Exhibit 1 sets forth probable cause to believe that FERNANDEZ engaged in a scheme to defraud involving the filing of numerous false tax returns, that this scheme involved one or more interstate wires, mailings, and financial institutions,[2] and that this scheme involved the fraudulent depositing of a CARES Act Economic Income Payment into a business checking account controlled by FERNANDEZ (the "Santander Business Checking Account," with account number ending -4987).

7.      In addition to the fraudulent returns specifically referenced in Exhibit 1, I believe that FERNANDEZ was responsible for various other fraudulent returns seeking refunds totaling more than $620,000.   For example:

_____

[2] I understand that, at all relevant times, the deposits of Santander were insured by the Federal Deposit Insurance Corporation.

a.  An IP address associated with FERNANDEZ (71.192.190.209) was responsible for filing the following 2018 1040 returns, each of which listed the taxpayer's address as 120 Bridge Street in Salem, Massachusetts[3]:

| Taxpayer Initials | Refund Sought |
|---|---|
| E.M. | $    12,050 |
| M.G. | $     9,949 |
| R.C. | $    14,548 |
| R.F. | $    12,812 |
| W.G. | $    15,933 |
| P.V. | $    15,604 |
| C.B. | $     8,728 |
| L.M. | $    14,125 |
| M.J. | $    14,173 |
| J.M. | $    15,787 |
| Total | $   133,709 |
| | |

b.  An IP address associated with FERNANDEZ (71.192.190.209) was responsible for filing the following 2018 Massachusetts returns, each of which listed the taxpayer's address as being at 120 Bridge Street:

| Taxpayer Initials | Refund Sought |
|---|---|
| M.G. | $     9,970 |
| L.M. | $    12,756 |
| E.S. | $    10,110 |
| E.M. | $    13,675 |
| J.M. | $    11,734 |
| P.V. | $     8,739 |
| C.B. | $    10,592 |
| M.J. | $    13,806 |
| R.C. | $    13,545 |
| W.G. | $    10,739 |
| Total | $   115,666 |

---

3  As set forth in Exhibit 1, FERNANDEZ resided at 120 Bridge Street.   The returns referenced below either list 120 Bridge Street as the residence or specify various apartments within 120 Bridge Street, including apartments 2E, #, 3D, and 4.

c. An IP address associated with FERNANDEZ (71.192.190.209) was responsible for filing the following 2019 1040 returns, each of which listed the taxpayer's address as being at 120 Bridge Street:

| | | |
|---|---|---|
| K.P. | $ | 12,388 |
| M.G. | $ | 14,644 |
| R.F. | $ | 10,458 |
| W.G. | $ | 15,175 |
| A.P. | $ | 14,847 |
| J.F. | $ | 10,436 |
| L.M. | $ | 14,018 |
| P.V. | $ | 12,702 |
| X.G. | $ | 14,693 |
| J.B. | $ | 10,739 |
| C.B. | $ | 13,440 |
| M.J. | $ | 13,379 |
| J.M. | $ | 13,603 |
| W.O. | $ | 6,448 |
| A.R. | $ | 9,143 |
| Total | $ | 207,701 |

d. An IP address associated with FERNANDEZ (71.192.190.209) was responsible for filing the following 2019 Massachusetts returns, each of which listed the taxpayer's address as being at 120 Bridge Street:

| | | |
|---|---|---|
| K.P. | $ | 13,887 |
| M.G. | $ | 13,810 |
| L.M. | $ | 13,663 |
| E.M. | $ | 13,730 |
| J.M. | $ | 13,722 |
| P.V. | $ | 13,603 |
| X.G. | $ | 13,802 |
| C.B. | $ | 13,533 |
| M.J. | $ | 13,767 |
| W.G. | $ | 13,717 |
| Total | $ | 164,543 |

8.     As set forth in Exhibit 1, various checks associated with fraudulent tax returns, as well as at least one fraudulent Economic Income Payment check, were deposited into the Santander Business Checking Account.

9.     The Santander signature card associated with the Santander Business Checking Account lists FERNANDEZ's name along with a phone number 978-335-0205 and an email address ROOSEVELT2079@GMAIL.COM.

10.     As set forth in Exhibit 1, a fraudulent 1040 return was filed under the name of Person 1 (with initials X.G.).   This return listed an email address xiog1270@gmail.com.

11.     As set forth in Exhibit 1, a fraudulent 1040 return was filed under the name of Person 2 (with initials A.P.).   This return listed an email address apinto0668@gmail.com.

12.     As set forth in Exhibit 1, a fraudulent 2019 1040 return was filed under the name of Person 3 (with initials P.V.).   This return listed an email address pvaldez0478@gmail.com.

13.     As set forth in Exhibit 1, a fraudulent 1040 return was filed under the name of Person 4 (with initials J.F.).   This return listed an email address jofe0701@gmail.com.

**Probable Cause to Believe That FERNANDEZ Engaged in the EID Loan Scheme**

14.     This investigation has established that, from in or around June of 2020 through in or around December of 2020, FERNANDEZ applied for at least 12 SBA EID loans.     The loan numbers and entities that filed for the loans were as follows:

    a.     Loan # 3304315257 – Soluciones Multi Service
    b.     Loan # 3306815702 – Soluciones Multi Service
    c.     Loan # 3309004227 – Soluciones Multi Service
    d.     Loan # 3309724534 – Soluciones Multi Service
    e.     Loan # 3314452432 – Fernandez LLC
    f.     Loan # 3314667298 – Fernandez LLC
    g.     Loan # 3315415464 – Roosevelt Fernandez
    h.     Loan # 3315429977 – Roosevelt Fernandez
    i.     Loan # 3315471710 – Nuevo Mundo Corp

      j.      Loan # 3315415464 – Nuevo Mundo Corp
      k.     Loan # 3315488835 – Nuevo Mundo Corp
      l.      Loan # 3314217490 – Lo Kontrario

15.     SBA loan documents for each of these EID loans reflect information identifying Fernandez as the individual applying for the loan. Information that identified FERNANDEZ as the applicant included the following:

      a.     FERNANDEZ's Name;
      b.     FERNANDEZ's Address;
      c.     Bank Accounts held by FERNANDEZ;
      d.     Tax Returns with FERNANDEZ's name and Social Security Number;
      e.     FERNANDEZ's Phone Number; and/or
      f.     FERNANDEZ's Email Address.

Soluciones Multi Service Loan

16.     According to SBA records, on June 4, 2020, an EID loan application was completed on-line, via the SBA website, for Soluciones Multi Service (EIN #83-1842811). The primary business address for Soluciones Multi Service was 120 Bridge Street in Salem, Massachusetts. The phone number for Soluciones Multi Service was listed as 978-335-0205 and the email was Roosevelt2079@gmail.com. The application listed the primary business activity as the preparation of tax returns.

17.     The application listed FERNANDEZ as the 100% owner of Soluciones and included the address, phone number and email address above as belonging to FERNANDEZ.

18.     The application also listed the Santander Business Checking Account (*i.e.*, the account ending -4987).

19.     SBA records for this loan also include copies of two 2019 Form 1040, Individual Income Tax Returns. The first listed FERNANDEZ's name, address, Social Security number, and a Taxable Income of $254,407.   The second listed FERNANDEZ's name, address, Social

Security number, and a Taxable Income of $53,042[4].   A review of IRS databases revealed that neither of these tax returns matched the 2019 Form 1040, Individual Income Tax Return, that FERNANDEZ filed with the IRS for the 2019 tax year.

20.     SBA records for this loan also include a copy of FERNANDEZ's Massachusetts driver's license, with a photograph depicting FERNANDEZ.

21.     Based on my training and experience, and my review of the pertinent loan records, I believe that FERNANDEZ provided forged and falsified information to the SBA in support of this loan application.

22.     SBA records for this loan indicate that the loan was funded on July 16, 2020 in the amount of $124,900.   Bank records for the Santander Business Checking Account show a deposit from the SBA in the amount of $124,900 on July 17, 2020.

23.     Bank records for the Santander Business Checking Account also reveal significant cash withdrawals shortly after the SBA deposit associated with this loan:

---

[4] It is unclear why FERNANDEZ submitted two different 2019 Forms 1040 listing different amounts of taxable income, although as noted below they both appear to be fraudulent.

| Date | Amount | Branch Location |
|---|---|---|
| 07/17/2020 | $ 903.00 | Beverly |
| 07/20/2020 | $ 903.00 | Beverly |
| 07/20/2020 | $ 903.00 | Beverly |
| 07/20/2020 | $ 903.00 | Beverly |
| 07/21/2020 | $ 903.00 | Beverly |
| 07/22/2020 | $ 9,000.00 | Swampscott - Vinin Square |
| 07/23/2020 | $ 9,000.00 | Peabody Place |
| 07/23/2020 | $ 700.00 | Peabody |
| 07/24/2020 | $ 9,500.00 | Seabrook, NH |
| 07/24/2020 | $ 500.00 | Seabrook, NH |
| 07/27/2020 | $ 9,500.00 | Newburyport |
| 07/27/2020 | $ 2,000.00 | Peabody |
| 07/27/2020 | $ 9,500.00 | Lynn |
| 07/28/2020 | $ 9,500.00 | Beverly |
| 07/29/2020 | $ 9,500.00 | Swampscott - Vinin Square |
| 07/30/2020 | $ 9,500.00 | Peabody Place |
| 07/31/2020 | $ 9,500.00 | Lynn |
| | | |

24.     On June 24, 2020, another EID loan application was completed on-line, via the SBA's website, for Soluciones Multi Service (EIN #83-1842811).  Notes included with loan documents indicated that the SBA identified this as a duplicate loan application and declined the loans.

Fernandez International Loan

25.     According to SBA records, on August 9, 2020, FERNANDEZ signed an EID loan document, via DocuSign on the SBA website, for Fernandez International (EIN # 26-4024898).  The primary business address for Fernandez International was 140 Union Street in Lynn, Massachusetts.   The email for Fernandez International was Rfernandez0979@gmail.com.

26.     The application also listed the Santander Business Checking Account (*i.e.*, the account ending -4987).

27.     A copy of a 2019 Form 1040, Individual Income Tax Return, was included in the

8

documentation provided to the SBA. The return had FERNANDEZ's name, address and social security number and a Taxable Income of $371,801. The return also had a Schedule C, Profit or Loss from Business, attached that was in name the of Fernandez International. The Schedule C listed the principle business of Fernandez International as Import/Export and reported $502,100 as Gross Receipts and $403,798 as net income from the business.  A review of IRS databases revealed that this information did not match the actual 2019 Form 1040, Individual Income Tax Return, that FERNANDEZ filed with the IRS for the 2019 tax year.

28.     SBA records for this loan also include a copy of FERNANDEZ's Massachusetts driver's license, with a photograph depicting FERNANDEZ.[5]

29.     Based on my training and experience, and my review of the pertinent loan records, I believe that FERNANDEZ provided forged and falsified information to the SBA in support of this loan application.

30.     Records associated with the Santander Business Checking Account reflect a deposit from the SBA in the amount of $149,900 on August 11, 2020.  Account records also show the following cash withdrawals:

| Date | Amount | Branch Location |
|------|--------|-----------------|
| 08/11/2020 | $ 1,003.00 | Reading |
| 08/12/2020 | $ 2,000.00 | Swampscott |
| 08/13/2020 | $ 2,500.00 | Swampscott |
| 08/14/2020 | $ 2,500.00 | Swampscott |
| 08/17/2020 | $ 2,500.00 | Swampscott |

---

[5] A copy of a TD Bank Business Debit card in the name Fernandez International and Roosevelt FERNANDEZ was included in the SBA records, as was copy of a business certificate from the City of Salem in the name of Fernandez International.

31.     A further review of the Santander Business Checking Account revealed that, on August 28, 2020, the SBA withdrew $149,900, the full amount of the loan.

Other Loans

32.     In addition, FERNANDEZ was the listed applicant on numerous other EID loan applications, as detailed below.  Each of these applications listed FERNANDEZ as the 100% owner and listed his home address of 120 Bridge St in Salem.    Based on my investigation, my knowledge of FERNANDEZ's work activities, the information below, and my training and experience, I believe that most or all of these loan applications were fraudulent.   The investigation into these loan applications, and the companies in whose names they were submitted, remains ongoing.

33.     According to SBA documents, on September 12, 2020, an EID loan application was completed on-line, via the SBA's website, for Fernandez LLC (EIN #83-1012938). The primary business address for Fernandez LLC was 120 Bridge Street in Salem, Massachusetts. The phone number for Fernandez LLC was listed as 646-209-2507 and the email was Fernandezllc@gmail.com. The primary business activity was Legal Services.   A copy of a 2019 Form 1040, Individual Income Tax Return, in the name of FERNANDEZ was included in the SBA records, which listed a Taxable Income of $145,404.   A review of IRS databases revealed that this tax return did not match the 2019 Form 1040, Individual Income Tax Return, that Fernandez filed with the IRS for the 2019 tax year.   The return also had a Schedule C, Profit or Loss from Business, attached that was in name of the Fernandez LLC. The Schedule C listed the principle business of Fernandez LLC as Immigration Consultants and reported $301,390 as Gross Receipts

and $203,088 as net income from the business.[6]   SBA records reflect that the SBA declined the

loan because it was unable to verify the information provided.

34.     According to SBA documents, on September 22, 2020, an EID loan application was

completed on-line, via the SBA's website, for Fernandez LLC (EIN #83-1012938). The phone

number for Fernandez LLC was listed as 925-528-5198 and the email was Jgayle189@gmail.com.

The primary business activity was Agriculture.   SBA records reflect that the SBA could not verify

the bank account listed in the application and put the loan application on hold.

35.     According to SBA documents, on November 28, 2020, an EID loan application was

completed on-line, via the SBA's website, for Roosevelt Fernandez (EIN #59-3887403).   The

application listed the phone number 954-729-8065 and the email rofer0979@gmail.com. The

primary business activity was Tax Preparation Services.   SBA records reflect that the SBA put

the loan on hold due to concerns of identity theft.

36.     According to SBA documents, on September 3, 2020, an EID loan application was

completed on-line, via the SBA's website, for Lo Kontrario (EIN #20-3640562). The primary

business address for Lo Kontrario was 120 Bridge Street in Salem, Massachusetts. The phone

number for Lo Kontrario was listed as 954-729-8065 and the email was lokontrario@gmail.com.

The primary business activity was Entertainment Venue.   A copy of a 2019 Form 1040, Individual

Income Tax Return, in the name of FERNANDEZ was included in the SBA records, which listed

a Taxable Income of $180,860. The return also had a Schedule C, Profit or Loss from Business,

---

[6] A copy of a TD Bank Business Debit card in the name Fernandez LLC and Roosevelt
FERNANDEZ was included in the SBA records, as was copy of a business certificate from the
City of Salem in the name of Fernandez LLC.

attached that was in name the of Lo Kontrario. The Schedule C listed the principle business of Lo

Kontrario as Musical Entertainment and reported $322,480 as Gross Receipts and $224,178 as net

income from the business.[7] A review of IRS databases revealed that neither of these tax returns

matched the 2019 Form 1040, Individual Income Tax Return, that Fernandez filed with the IRS

for the 2019 tax year.   SBA records reflect that the SBA declined the loan because it was unable

to verify the information provided.

37.     According to SBA documents, numerous EID loan applications were submitted

for Nuevo Mundo (EIN #26-3891157).   These applications listed prior 12 months revenue for

Nuevo Mundo of over $300,000.   These applications listed email addresses of

nuevomundo2079@gmail.com, nuevomundo0979@gmail.com, or

nuevomundo0920@gmail.com. SBA records reflect that none of the Nuevo Mundo loans was

approved.

**Investigators' Possession of the FERNANDEZ Phones**

38.     The FERNANDEZ Phones are currently in the possession of the Internal Revenue

Service, and are being stored at its facilities, as described in Attachment A.

39.     The FERNANDEZ Phones were seized from FERNANDEZ while he was entering

the United States via an international flight that landed at Boston Logan International Airport on

January 12, 2021, at which time he was arrested on the federal arrest warrant issued in Case 20-

mj-4290-DHH.   Specifically, the phones seized from FERNANDEZ were a Black Samsung

Galaxy S8 Smartphone, International Mobile Equipment Identity ("IMEI") #353111092434222

---

[7] A copy of a business certificate from the City of Salem in the name of Lo Kontrario, was
included in the SBA records.

and a Black Samsung Galaxy S10+ Smartphone, IMEI #352695109215146.

40.     While the investigators might already have all necessary authority to examine the computer equipment, I seek these additional warrants out of an abundance of caution to be certain that its search will comply with the Fourth Amendment and other applicable laws.

**Probable Cause to Believe That FERNANDEZ Phones**
**Contains Evidence, Fruits, And Instrumentalities**

41.     As discussed above, the FERNANDEZ Phones are currently being stored by investigators at their facilities as described in Attachment A.  I understand that they have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when they first came into the investigators' possession.

42.     I know, based on my training and experience, that mobile phones are often used to access email accounts and to send and receive emails.   I likewise know that records stored within a mobile phone can indicate the email accounts that have been associated with that phone and/or can store the contents of emails sent or received from a given account.   I expect that the FERNANDEZ Phones may have records evidencing the email account(s) utilized by the users of those devices (*i.e.,* FERNANDEZ).

43.     I know, based on my training and experience, that mobile phones are often used to connect to wireless networks, including networks located at personal residences and businesses. I likewise know that records stored within a mobile phone can indicate what wireless networks or IP addresses have been used by or associated with that device.   I expect that the FERNANDEZ Phones may have records indicating prior connections to IP addresses, potentially including IP address 71.192.190.209, an IP address associated with FERNANDEZ' residence.

44.     I know, based on my training and experience, that mobile phones and other internet-

capable devices are often utilized to conduct online banking, to access mobile banking websites, and/or to access mobile banking applications.   I likewise know that records stored within a mobile phone can demonstrate that the user of that phone has visited certain websites and/or used or downloaded certain applications.   I expect that the FERNANDEZ Phones may have records evidencing bank accounts that have been accessed by the users of that devices (*i.e.,* FERNANDEZ).

45.     I also know, based on my training and experience, that individuals frequently receive text messages and/or emails from banks and other financial institutions with whom they have accounts.   I likewise know that mobile phones often store the contents of emails and text messages sent or received by the phone's user.   I expect that the FERNANDEZ Phones may have records evidencing communications with any financial institution(s) utilized by the user of those devices (*i.e.,* FERNANDEZ).

46.     I know, based on my training and experience, that individuals who prepare tax returns often communicate with the taxpayers on whose behalf they prepare such returns, including via email and phone.

47.     I know, based on my training and experience, that individuals and businesses frequently maintain copies of tax returns they have filed, including electronic copies of such returns.

48.     From my training, experience, and information provided to me by other agents, I am aware that businesses frequently use electronic equipment to carry out, communicate about, and store records about their business operations.   These tasks are frequently accomplished through sending and receiving business-related e-mail and instant messages; drafting correspondence and other business documents such as spreadsheets and presentations; scheduling

14

business activities; keeping a calendar of business and other activities; arranging for business travel; storing pictures related to business activities; purchasing and selling inventory and supplies online; researching online; and accessing banking, financial, investment, utility, and other accounts concerning the movement and payment of money.

49.     From my training, experience, and information provided to me by other agents, I am aware that individuals frequently use computer equipment to carry out, communicate about, and store records regarding their daily activities.   These tasks are frequently accomplished through sending and receiving e-mail, instant messages, and other forms of phone or internet based messages; scheduling activities; keeping a calendar of activities; arranging travel; purchasing items; searching for information including information regarding travel and activities; arranging for travel, accessing personal accounts including banking information; paying for items; and creating and storing images and videos of their movements and activities.

50.     Based on my training, experience, and information provided by other law enforcement officers, I know that many smartphones (which are included in Attachment B's definition of "hardware") can now function essentially as small computers.   The FERNANDEZ Phones are smartphones.   Smartphones have capabilities that include serving as a wireless telephone, digital camera, portable media player, GPS navigation device, sending and receiving text messages and e-mails, and storing a vast range and amount of electronic data.   Examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

51.     From my training, experience, and information provided to me by other agents, I am aware that businesses and/or individuals commonly store records of the type described in Attachment B in mobile phones, computer hardware, computer software, and storage media.

52.     Based on my knowledge, training, experience, and information provided to me by other agents, I know that data can often be recovered months or even years after it has been written, downloaded, saved, deleted, or viewed locally or over the Internet.   This is true because:

a.      Electronic files that have been downloaded to a storage medium can be stored for years at little or no cost.   Furthermore, when users replace their electronic equipment, they can easily transfer the data from their old device to a new one.

b.      Even after files have been deleted, they can be recovered months or years later using forensic tools.   This is so because when a person "deletes" a file on a device, the data contained in the file often does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data, which might not occur for long periods of time.   In addition, the device's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.      Wholly apart from user-generated files, electronic storage media often contains electronic evidence of how the device has been used, what it has been used for, and who has used it.   This evidence can take the form of operating system configurations, artifacts from operating system or application operation; file system data structures, and virtual memory "swap" or paging files.   It is technically possible to delete this information, but users typically do not erase or delete this evidence because special software is typically required for that task.

d.      Similarly, files that have been viewed over the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."   The browser often maintains a fixed amount of hard drive space devoted to these files, and the files are overwritten only as they are replaced with more recently viewed Internet pages or if a user takes steps to delete them.

e.      In addition, based on my knowledge, training, and experience, I know that businesses and businesspeople often retain correspondence, financial, transactional, and other business records for years to identify past customers and vendors for potential future transactions; keep track of business deals; monitor payments, debts, and expenses; resolve business disputes stemming from past transactions; prepare tax returns and other tax documents; and engage in other business-related purposes. [can also mention that the scheme extended over an extended period, or any other facts indicating why device would still have evidence.

16

## CONCLUSION

53.     Based on the information described above, I have probable cause to believe that FERNANDEZ has committed the Target Offenses via his involvement in and/or organization of one or more fraudulent schemes and/or his unlawful use of various means of identification.

54.     Based on the information described above, I also have probable cause to believe that evidence, fruits, and instrumentalities of these crimes, as described in Attachment B, are contained within the phone described in Attachment A.


Sworn to under the pains and penalties of perjury,


Special Agent William Noonan
IRS-CI

Subscribed and sworn by telephone in accordance with Fed. R. Crim. P. 4.1
on February _2_, 2021.      9:34 am

Hon. David H. Hennessy
United States Magistrate Judge

17